UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:24-cr-002 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| MARK FRANCIS DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America (also referred to as "the Government"), Defendant, Mark Francis Davidson, and Defendant's attorney, enter into this Plea Agreement.

## A.     CHARGES

1.     <u>Subject Offense.</u>   Defendant will waive Indictment (by executing a separate Waiver of Indictment form) and plead guilty to Count 1 of a United States Attorney's Information charging a violation of Title 26, United States Code, Section 7206(1), that is Filing a False Tax Return.

2.     <u>No Charges to be Dismissed.</u>   There are no charges to be dismissed.

## B.     MAXIMUM PENALTIES

3.     <u>Maximum Punishment.</u>   Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a maximum sentence of three (3) years in prison; a maximum fine of the greatest of (a) twice the gross gain to Defendant, (b) twice the gross loss caused by Defendant, or (c) $250,000; costs of

1

prosecution, if applicable; and a term of supervised release of not more than one (1) year.

4.   Supervised Release--Explained.   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than one (1) year in prison on any such revocation, without any credit for time previously served.

5.   Detention.   Provided that Defendant does not violate any conditions of Defendant's pretrial release and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

## C.   NATURE OF THE OFFENSE – FACTUAL BASIS

6.   Elements Understood.   Defendant understands that to prove the offense alleged under **Count 1 (Filing a False Tax Return)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a)   Defendant made and signed an individual tax return, Form 1040, for the year in question, that was false as to income;

(b)   The return contained a written declaration that it was signed under the penalties of perjury;

(c)   Defendant did not believe the return to be true and correct as to income;

(d)   Defendant acted willfully; and

(e)   The false matter in the return was material.

2

7.   <u>Factual Basis</u>.   As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)   Defendant resides within the Southern District of Iowa.

(b)   The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury responsible for enforcing and administering the federal tax laws of the United States, and collecting taxes owed to the United States.

(c)   A Form 1040 is the form filed by an individual taxpayer and used by the IRS to assess liability for tax and eligibility for refunds.

(d)   Defendant is the president and co-owner of Collegiate Concepts, Inc. ("CCI"). CCI is an S Corporation based in Huxley, Iowa. CCI rents refrigerators to colleges and college students across the United States. At all times material to this factual basis, Defendant owned approximately 57% of CCI and another shareholder, M.F., owned approximately 43% of CCI.

(e)   Because CCI is an S Corporation, the corporation does not pay federal income tax. Instead, CCI's profits flow through to its owners, including Defendant, proportionately based on their ownership percentage. CCI's owners, including Defendant, are then required to report the income on their individual tax returns.

(f)   Beginning by at least 2015 and continuing through 2021, Defendant wrote dozens of checks to himself personally from CCI's bank account. Defendant used these funds to pay his personal expenses. Defendant concealed these checks from the accountant and tax preparer who prepared Defendant's and CCI's tax returns each year. Specifically, Defendant provided his tax preparer with copies of CCI's bank statements but provided the tax preparer falsified check ledgers that falsely identified the checks from CCI to Defendant as seemingly legitimate expenses of CCI. By concealing these payments from CCI to himself, Defendant understated his income on his IRS Form 1040 for each year from 2015 through 2021.

(g)   For calendar years 2015 through 2021, Defendant underreported his income by approximately the following amounts, each of which represents checks that Defendant wrote from CCI to himself and later concealed from his accountant and tax preparer:

3

| Tax Year | Concealed Checks / Unreported Income |
|----------|--------------------------------------|
| 2015 | $619,250.97 |
| 2016 | $513,660.46 |
| 2017 | $674,829.99 |
| 2018 | $427,027.98 |
| 2019 | $590,038.95 |
| 2020 | $522,604.87 |
| 2021 | $480,869.04 |
| Total | $3,828,282.26 |

(h)     Defendant failed to report the above amounts as income on his Form 1040 individual tax returns for calendar years 2015 through 2021. By failing to report this income, Defendant falsely underreported his tax liability by approximately the following amounts for calendar years 2015 through 2021:

| Tax Year | Tax Loss |
|----------|----------|
| 2015 | $244,461 |
| 2016 | $202,095 |
| 2017 | $273,321 |
| 2018 | $156,230 |
| 2019 | $211,994 |
| 2020 | $184,888 |
| 2021 | $176,631 |
| Total | $1,449,620 |

(i)     On or about April 17, 2018, Defendant signed his IRS Form 1040, U.S. Individual Income Tax Return, for calendar year 2017. Defendant's Form 1040 contained a written declaration that it was signed under the penalties of perjury. On this Form 1040, Defendant stated that his income for 2017 was $428,766. This figure was false, because it did not include the $674,829.99 in income that Defendant obtained from the concealed checks he wrote to himself from CCI's bank account in 2017. Defendant knew that this Form 1040 was false because it did not accurately report his income for 2017. Defendant signed this false Form 1040 willfully and with the intent to falsely underreport his income. The false income stated in Defendant's Form 1040 for 2017 was material because it falsely reduced Defendant's tax liability for that year by approximately $273,321.

(j)     Defendant filed his 2017 individual income tax return from the Southern District of Iowa.

4

8.   Truthfulness of Factual Basis.   Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9.   Waiver of Rule 410 Rights.   Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10.   Venue.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.   SENTENCING**

11.   Sentencing Guidelines.   Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

5

(a)     The nature of the offense to which Defendant is pleading guilty;

(b)     The amount of tax loss involved, with the parties stipulating as a recommendation to the District Court that the offense involved a tax loss of more than $550,000 but not more than $1,500,000.

(c)     The nature and extent of Defendant's criminal history (prior convictions); and

(d)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. Acceptance of Responsibility. The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility. If Defendant qualifies for a decrease under §3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG §3E1.1.

6

13.    Presentence Report.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.    Disclosure of Presentence Investigation Reports. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15.    Evidence at Sentencing.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.    Sentence to be Decided by Judge -- No Promises.   This Plea Agreement

is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17.   <u>No Right to Withdraw Plea</u>.   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E.   FINES, COSTS, AND RESTITUTION**

18.   <u>Fines and Costs</u>.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19.   <u>Special Assessment</u>.   Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20.   <u>Restitution</u>.   Defendant agrees to pay restitution to the Internal Revenue Service (IRS) in the total amount of $1,449,620, pursuant to 18 U.S.C. § 3663(a)(3). Defendant agrees that the total amount of restitution reflected in this

agreement results from Defendant's criminal conduct. The total amount of restitution consists of the following:

| Tax Year | Tax Loss |
|----------|-----------|
| 2015 | $244,461 |
| 2016 | $202,095 |
| 2017 | $273,321 |
| 2018 | $156,230 |
| 2019 | $211,994 |
| 2020 | $184,888 |
| 2021 | $176,631 |
| Total | $1,449,620 |

21.    Defendant agrees that the order of restitution shall be due and payable immediately. If Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.

22.    Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and/or interest that he agrees to pay as restitution. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

23.    Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

24.    Defendant agrees that he is liable for the fraud penalty under 26 U.S.C. § 6663 or 6651(f) on the amount to be credited to tax set forth in paragraph 20. Defendant agrees to the immediate assessment of the fraud penalty on the amount to be credited to tax set forth in paragraph 20 and agrees that, in order to enable the

IRS to make an immediate assessment of the fraud penalty, the IRS form he agreed to sign in paragraph 22 will include the appropriate amount of the fraud penalty. Defendant agrees not to challenge or dispute any fraud penalties on the amount to be credited to tax set forth in paragraph 20.

25.    The parties understand that Defendant will receive proper credit, consistent with paragraph 20 above, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of taxes, penalties, or interest due from the Defendant for the time period(s) covered by this agreement or any other time period.

26.    Defendant agrees that this agreement, or any judgment, order, release, or satisfaction in connection with this agreement, will not satisfy, settle, or compromise Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

27.    Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to Defendant's particular liability.

28.    The contact information for the Special Agent assigned to this case is as follows:

Josh Dagit, Special Agent
IRS – Criminal Investigation
210 Walnut Street, Room 347
Des Moines, IA 50309
Office: (515) 661-1184

29. Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs Defendant otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of Court at the following address:

Clerk of Court
U.S. District Courthouse
123 East Walnut Street
Des Moines, IA 50309

30. With each payment to the Clerk of Court made pursuant to the Court's restitution order, Defendant will provide the following information: (1) Defendant's name and Social Security number; (2) the district court docket number assigned to this case; (3) tax year(s) or period(s) for which restitution has been ordered; and (4) a statement that the payment is being submitted pursuant to the Court's restitution order. Defendant agrees to include a request that the Clerk of Course send the information, along with Defendant's payments, to the appropriate office of the IRS.

31. Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS – RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

11

32. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F. LIMITED SCOPE OF AGREEMENT

33. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

34. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

35. <u>M.F. not a party to this Agreement</u>. Defendant understands that CCI co-owner M.F. is not a party to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that M.F. may have against Defendant. Defendant understands that M.F. remains free to pursue all lawful civil remedies he may deem appropriate.

36.   <u>No Resolution of Civil Tax Liability</u>.   Defendant understands that the "tax loss" described in this Plea Agreement is for the sole purpose of computing Defendant's base offense level under the United States Sentencing Guidelines. This Plea Agreement does not resolve any civil tax liability (including penalties) Defendant may have for any taxable period. The Internal Revenue Service is not a party to this agreement and remains free to pursue all lawful civil remedies it may deem appropriate, which are permitted by law, including assessments against Defendant for additional tax due and owing and levies or garnishments to collect these amounts. However, Defendant remains free to make any payments to the Internal Revenue Service at any time toward the payment of any tax liability that may exist, including as contemplated in this Plea Agreement.

37.   <u>Special Condition</u>.   Should the Court impose a period of probation or supervised release as part of the sentence in this case, the parties agree to jointly recommend to the Court that the following "special" conditions be imposed, in addition to the "standard" conditions of probation and/or supervised release:

(a)   That Defendant cooperate with the Internal Revenue Service in the determination, assessment, and payment of any tax liability that Defendant may have for the calendar years 2015 through 2021;

(b)   That Defendant pay in full any tax liability (including interest and penalties) as finally determined by the Internal Revenue Service, or make arrangements with the Internal Revenue Service to begin making payments on that tax liability within 60 days of the final assessment by the Internal Revenue Service;

(c)   That Defendant provide to the United States Probation Office a copy of any payment plan agreed upon with the Internal Revenue

13

Service, and that Defendant actually make the required payments; and

(d)     That Defendant file truthful individual income tax returns as may become due by law and provide copies of such returns to the United States Probation Office.

## G.     WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

38.     <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

(a)     Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)     A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)     The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)     Confront and cross-examine adverse witnesses;

(e)     Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)     Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)     If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

39.     <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could

14

assert to the charge(s) or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.    VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

40.    <u>Voluntariness of Plea</u>.    Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)    No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)    Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

15

41. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

   (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

   (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

   (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

42. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

43. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

44. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

45. <u>Consent to Proceed by Video Conferencing</u>. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted

by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.   SIGNATURES

46.   <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

| | |
|---|---|
| 11/29/23 | Mark Davidson |
| Date | Mark Davidson |

47.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal

rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

11/30/23
Date

Angela Campbell
Attorney for Mark Davidson

48.  **United States.**  The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

12/1/2023
Date

By:

Ryan W. Leemkuil
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone:  515-473-9300
Telefax:  515-473-9292
E-mail: ryan.leemkuil@usdoj.gov

18